UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ACTION RESTORATION INC** | **CASE NO. 2:22-CV-05819** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CITY OF LAKE CHARLES** | **MAGISTRATE JUDGE KATHLEEN KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Remand filed by defendant/third-party plaintiff the City of Lake Charles ("city"), in response to the Notice of Removal filed by third-party defendant Starr Surplus Lines Insurance Company ("Starr"). With trial set for Monday, October 31, 2022, in the state court, Starr removed the matter to this court on the preceding Friday. Starr admits that it has been involved in the suit for several months. It excuses its delayed removal by noting that the main demand between plaintiff Action Restoration, Inc. and the city has recently settled, subject to approval by the city council, leaving only the claims between Starr and the city. The city now moves to remand the suit on the grounds that Starr has no right to remove this case and that removal is improper absent a severance from the main demand. It also requests costs, fees, and damages incurred as a result.

In reliance on *Home Depot v. Jackson*, __ U.S. ___, 139 S.Ct. 1743 (2019), the undersigned has already ruled that a third-party defendant may not remove an action to federal court:

> Home Depot emphasizes that it is a "defendant" to a "claim," but the statute refers to "civil action[s]," not "claims." This Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court. See *Mexican Nat. R. Co. v. Davidson*, 157 U.S. 201, 208 15 S.Ct. 563 (1895); *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 461 14 S.CT. 654 (1894). This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction. *E.G., Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* 463 U.S. a, 10, 103 S.Ct. 2841 (1983); cf. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889 (2002) ("[A] counterclaim ...; cannot serve as the basis for 'arising under' jurisdiction"); § 1446(c)(2) (deeming the "sum demanded in good faith in the initial pleading ... the amount in controversy"). Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action. And because the "civil action ... of which the district cour[t]" must have "original jurisdiction" is the action as defined by the plaintiff's complaint, "the defendant" to that action is the defendant to that complaint, not a party named in a counterclaim. It is this statutory context, not "the policy goals behind the [well-pleaded complaint] rule," *post*, at 1763, that underlies our interpretation of the phrase "the defendant or the defendants."

*Russell J. Stutes Constr. Co. v. Guidry*, 2021 WL 3725697, at *2 (W.D. La. Aug. 20, 2021) (quoting *Home Depot*, 139 S.Ct. at 1747–48). Based on this reasoning, the court held, the Supreme Court "clearly holds that whether original jurisdiction exists depend on whether the original plaintiff's operative complaint could have been filed in federal court because of federal jurisdiction or diversity of citizenship." *Id.* Accordingly, the undersigned remanded the matter because the original complaint could not have been brought in federal court. *Id.*

The same holds true here. Additionally, as the city notes, the city's settlement of the main demand has not been finalized. There has been no severance of the third-party claims, as required for the court to assess removability among those parties alone.[1] *Eckert v. Admins. of Tulane Educ. Fund*, 2016 WL 158919, at *9 (E.D. La. Jan. 14, 2016). Because the city is deemed a citizen of Louisiana for diversity purposes, removal is still barred under the "forum defendant rule," which states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). Starr's removal of the case on the Friday before trial, in violation of this well-established precept, shows its bad faith. The city is therefore entitled to costs and attorney fees associated with bringing this motion under 28 U.S.C. 1447(c), because Starr lacked an objectively reasonable basis for removal. The court declines to assess other damages, however, finding them too speculative at this point. Accordingly,

**IT IS ORDERED** that the Motion to Remand be **GRANTED** and that this matter be immediately remanded to the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. **IT IS FURTHER ORDERED** that costs and attorney fees incurred as a result

---

[1] Starr attempts to analogize this matter to an exception noted by the Fifth Circuit in *Central of Georgia Railway Co. v. Riegel Textile Corp.*, 426 F.2d 935, 937 n.3 (5th Cir. 1970), where the state court had ruled that the third party claims should be tried separately from the main demand. There, however, the court had issued an order formally severing the matter for trial purposes. Here Starr relies on an informal settlement and a response to an email from the trial judge's judicial assistant. Moreover, based on the undersigned's interpretation of *Home Depot*, supra, *Riegel* has been overruled by the more recent Supreme Court case.

of the removal be taxed to Starr. The city is instructed to submit a bill of costs within seven days of this ruling.

**THUS DONE AND SIGNED** in Chambers on the 28th day of October, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**